No. 23.—ANDREW GIRTMAN, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA, defendants in error.

The act of 1843, amendatory of the act of 23d December, 1840, to define the liabilities of the several railroad companies in Georgia, for the loss of stock killed or wounded by the running of cars or locomotives, on their roads, and to regulate the mode of proceedings in such cases, is prospective in its operation, and cannot be applied to cases arising anterior to its passage.

Before the enactment of said statute, the Justices' Courts had no jurisdiction in any case sounding in damages, for any trespass on the person or property.

This was a suit originally brought in a Justice's Court by the plaintiff in error, against the defendants for the recovery of damages for stock alleged to have been killed on the railroad by defendants' cars running over them, anterior to the enactment of the statute of 1843, entitled " An act to amend an act to define the liabilities of the several railroad companies in this State, for the loss of stock killed or wounded by the running of cars or locomotives on their roads, and to regulate the mode of proceedings in such cases, assented to 23d December, 1840, and for other purposes."

To which suit the defendants in error pleaded, by way of exception, that the Justice's Court had no jurisdiction in the case, the action sounding in damages ; that the Justice's Court was not a court of record ; that the defendants in error could only sue or be sued in a court of record, under their charter ; that the above-recited act of 1843 was unconstitutional and void, so far as it authorized suits against the defendants in error in a Justice's Court, which said exceptions were overruled, and judgment rendered for the plaintiff for $11.44 and cost, from which the defendants in error appealed, and upon the trial before a jury in the Justice's Court, a verdict was rendered in favor of the plaintiff in error for $8 and cost.   Whereupon the defendants in error, by writ of certiorari, carried up said case to the Superior Court of the county of Chatham ; and after argument of counsel for the parties, his Honor Judge Fleming took time to advise and consider of the said case, and of the questions involved therein ; and on the 10th day of March, 1846, pronounced his decision, sustaining the said exceptions, and setting aside the proceedings in the Justice's Court: To which the plaintiff in error excepted, and assigns for error—

1st. The court below erred in deciding that the Justice's Courts of this State were not courts of record.

2d. The court below erred in holding that the Central Railroad and

Banking Company of Georgia, was not liable to be sued in a Justice's Court.

3d. And the court below erred in deciding that the aforesaid act of 1843 was unconstitutional and void, so far as it authorized suits against the defendants in error in the Justices' Courts.

MULFORD MARSH, for the plaintiff in error.

The original action was in the Justice's Court to recover damages for stock killed by the cars on the Central Railroad. Judgment for plaintiff, and certiorari to Superior Court, upon the grounds stated in petition, and now to this court, on error.

1st. That justices' courts are not courts of record, so held by the Superior Court, when plaintiff contends they are courts of record, having by statutes power to fine and imprison.—*Prin. Dig.* 504, 508.

And they have extensive criminal jurisdiction, in all cases, over free persons of color or slaves, not extending to life or limb.—*Prin. Dig.* 789, 790.

Any court having power to fine and imprison, is a court of record. So expressly laid down by *Blackstone*, 3 *vol.* 24, 25; *Bac. Ab.* 101.

In the case of *Groenvelt* vs. *Burwell*, (1 *Salk.* 200,) the court held that a Corporation Court of Physicians of London, was a court of record, because they had power to fine and imprison; and this is the true test of courts of record, and not the enrolling the proceedings.

The Circuit and District Courts of the United States are courts of record, and yet the proceedings are not enrolled; they are filed, but not enrolled. Now, if *enrolling be the test, these courts are not courts of record.*

The judgments of justices' courts have equal *dignity* with those of superior courts.—*Prin. Dig.* 507. Now, how do we prove a judgment from one of the superior courts? By an exemplification of the record, the record proves itself.— 3 *Blk. Com.* 24. And are not those of the justices' courts proven in the same manner? If not, do we not destroy their dignity?

Again, they are put expressly upon the same footing as to a claim of any money received of any officer, from sale of defendant's property.—*Act 13, Dec.* 1810; *Prin. Dig.* 435.

Suppose a sale had taken place by a sheriff, and the money be claimed by the judgment of the Superior Court, and judgment from a justice's court; both being equal in dignity, and entitled to the same claim for the money, if of equal date, how will we prove the judgments, one by the record, which cannot be gainsayed, and permit the other, of equal dignity, to be disputed? Equal of rank, of elevation, and yet not equal.—3 *Blk. Com.* 25.

In England, justice's courts are courts of record.—2 *Bac. Abr.* 101.

I shall consider the 3d and 4th points together

That the words of the charter, "to sue and be sued, plead and be impleaded in courts of record," are not words of grant, and convey no exclusive privileges.

The power of suing are the incidents of every corporation, and belong to them as soon as created.—2 *Kent Com.* 224; 1 *Blk. Com.* 475.

This is fully recognized and laid down by the court in the case of *Freeholders of Sussex* vs. *Strader*, 3 *Harrison Rep.* 117.

In this case, the court held these *words surplusage;* and so in the case at bar, strike out these words, and the company have all their chartered rights.

These words are only affirmative of the common law; and necessarily imply no negative, and are not to be construed to take away any common-law right. And one of the common-law rights which belongs to the public is that of suing the corporation in any court having jurisdiction of the subject matter of the suit. This principle is fully laid down by the court in the following cases: *Crittenden* vs. *Wilson*, 5 *Cowen*, 165.

The court, speaking of the statute in that case, says: "The act is not couched in negative terms. The remedy which it prescribes is cumulative merely, and not

exclusive." So the words used are only those implied, and not exclusive.—6 Bac. Ab. 388 ; Melody vs. Reab, 4 Mass. Rep. 472.

The words may or shall, when used in a statute, are imperative only when the public interest requires.—Malcomb vs. Rogers, 5 Cowen, 188.

This being a private corporation, the charter is not to be construed to take away any common-law right of others. This rule is laid down in Coolidge vs. Williams, 4 Mass. Rep. 143–44 ; Sprague vs. Birdsall, 2 Cowen Rep. 419.

In this case, the court says : " In the construction of statutes made in favor of corporations or particular persons, and in derogation of common law right, care should be taken not to extend them beyond their express words or their clear import.—Savage, Ch. J.

Do the words in the charter clearly import that the public can only sue the Company in the Superior and Inferior Court, and that it can sue a citizen in those Courts for $5, and collect, $12 50 for costs ? Is such the clear meaning of the charter ? Would not such a construction be monstrous ?

It is a maxim of the law, that an affirmative statute does not take away a common-law right.—6 Bac. Ab. 376.

Statutes are to be construed in reference to the common law.—1 Kent Com. 433. In Wilbur vs. Crane.—13 Pick. 290.

This court, speaking of the construction of a statute, says : " The rules of the common law are not to be changed by doubtful construction."

In the construction of statutes, this court has adopted the rule I am contending for in the case of Doe ex dem. Truluck et al. vs. Peeples et al. (Ante, 1 to 6.)

But the statutes of 1840 and 1843 are remedial statutes, and relate entirely to the remedy of the public against railroad companies for stock killed upon their roads.

And a statute, changing the remedy, unless by the burthens imposed it renders the remedy useless, is not a violation of the Constitution of the United States, as it impairs no contract. What portion of the charter is violated by those statutes ? —can the court put its finger upon it ? The statute permits the corporation to be sued, so does the charter, and the statute of 1843 permits suit where the damages are less than $30, in a Justice's Court in the district where the president resides. What words of the statute prohibit this, and what right is taken away by this statute ?—Charles River Bridge vs. The Worren Bridge, 11 Peters, pp. 544, 545, 546 ; Satterlee vs. Matthewson, 2 Peters, 411, 412, 413 ; Bronson vs. McKinzie, 1 How. 315 ; and see Justice M'Lean's opinion, 325, 328, 332 ; Story on the Constitution, vol. 3 pages 250, 351, sec. 1379.

But, in cases of doubt, the court should always hold the law constitutional.

The presumptions are always in its favor, and it should never be set aside, unless in cases entirely free from doubt.

This is a rational rule ; for the Legislature enacts the laws under an oath to support the constitution, and the great object of the veto power in the executive is to preserve the constitution from violation by hasty legislation, and he sanctions the laws under a like oath to support the constitution.

The following cases fully support the principle.—Cooper vs. Telfair, 4 Dallas' Rep. 14 ; (1 Cond. Rep. 211.)

In this case, Washington, Justice says : " The presumption, indeed, must always be in favor of the validity of the laws, if the contrary is not clearly demonstrated."

Can any one say that it is clearly demonstrated in the charter that the corporation cannot be sued in any court having jurisdiction of the subject matter of suit ?

And in the same case Patterson, J. says : "To authorize this court, (the Supreme Court of the U. S.) to pronounce a law void, it must be a clear and unequivocal breach of the Constitution, not a doubtful argumentative implication."

What language can better suit this case ? To declare the act of 1843 void, would be a doubtful implication.

I now submit to the court whether I have not shown, by authority which this court will recognise and sanction,

1st. That the Justices' Courts of this State are inferior courts of record.

2d. That the words " sue and be sued, &c, in courts of record," in the charter of the defendant, are not words of grant.

3d. That they are merely affirmative of the common law.

4th. That the acts of 1840 and 1843, defining the liability of railroad companies, are remedial and constitutional.

And lastly, That the presumption is always in favor of the constitutionality of a law, and that the plaintiff is entitled to the judgment of this court, reversing the judgment of the Superior Court of Chatham county, and dismissing the certiorari granted by that court in this case.

ROBERT M. CHARLTON, representing COHEN, for defendants in error.

*By the Court*—WARNER, Judge.

The plaintiff instituted his action in the Justices' Court, to recover damages from the defendants for killing his stock with their railroad cars. It appears from the record in this case, the stock was killed before the passage of the act of 1843.    Before the passage of the statute of 1843, Justices of the peace had no jurisdiction to try cases sounding in damages, for any trespass on the person or property of the plaintiff.—*Prin. Dig.* 432–3.    The act of 1843 was intended to operate *prospectively*, as is apparent from its terms ; and to give parties injured, the right to sue in justices' courts for damages done their stock by the railroad companies *subsequent* to its passage.    The stock of the plaintiff in this case having been killed *before* the enactment of this latter statute, the justice's court had no jurisdiction to maintain the suits against the defendants to recover damages therefor ; consequently we are of the opinion the judgment of court below should be affirmed on that ground.    This view of the question renders it unnecessary for us to express any opinion as to the other grounds taken.

Let the judgment of the court below be affirmed.